UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE SALAZAR, *individually and on behalf of*
*all others similarly situated*,

                       Plaintiffs,                       **ORDER**

      -against-                               20 Civ. 8167 (AEK)

CUETES CORP.,

                       Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

        The Court has reviewed the parties' proposed stipulation for the conditional certification of an FLSA collective action. Before the Court can sign the stipulation and approve the proposed notice to potential members of the collective, the parties must address the following items:

      (i)      On page 2 of the proposed stipulation (¶ 1), there should be language indicating the date on which the FLSA collective period begins, *i.e.*, October 1, 2017.

      (ii)     On page 3 of the proposed stipulation (¶ 8), while it is appropriate for Plaintiffs' counsel to send second notices to any individual whose original notice is returned as undeliverable and for whom a forwarding address is provided, the original 90 day deadline to return the consent to join form should be maintained, in accordance with ¶ 7. This will avoid the unnecessary complexity of having multiple overlapping opt-in deadlines. To the extent any consent forms are received after the 90-day deadline, those late-returned forms can be addressed via separate applications to the Court.

      (iii)    Although the proposed stipulation indicates that the notice will be disseminated "as soon as administratively practicable after Plaintiffs' counsel's receipt of the Defendants' Collective List," the Court will order that the dissemination occur no later than 14 days after Plaintiffs' counsel's receipt of the Defendants' Collective List.

(iv) On the first page of the proposed opt-in notice, in the language in the shaded box immediately below the caption, the phrase "and you were not paid minimum wages or overtime wages" should be inserted after "and the present date," and before "you are eligible to join this Lawsuit."

(v) On the second page of the proposed opt-in notice, there should be language indicating the date on which the FLSA collective period begins, *i.e.*, October 1, 2017, at the end of the carry-over paragraph at the top of the page.

(vi) Also on the second page of the proposed opt-in notice, there is language indicating that the consent to join form must be returned "by any of the approved methods described in this notice." The proposed opt-in notice, however, does not actually specify how the forms should be returned, whether by mail, fax, e-mail, or otherwise. This must be spelled out more clearly in the notice form.

(vii) In the proposed text message (ECF No. 49-3), proposed email message (ECF No. 49-4), proposed reminder text message (ECF No. 49-6), and proposed reminder email message (ECF No. 49-7), the phrase "and you were not paid minimum wages or overtime wages" should be inserted after "to the present" and before "you are eligible to join a lawsuit . . . ." In addition, in both of these proposed communications, the Court should be properly described as the United States District Court for the **Southern** District of New York (rather than the Eastern District of New York).

The parties are directed to file a revised submission reflecting these changes by no later than November 16, 2022. To the extent the parties make any other edits to the submissions—no matter how ministerial those edits may seem—the parties must submit a letter along with the revised submission that lists the additional editing changes.

Dated: November 9, 2022
White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge