UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE SALAZAR, *individually and on behalf of*
*all others similarly situated*,

                        Plaintiffs,                    **ORDER**

       -against-                                    20 Civ. 8167 (AEK)

CUETES CORP.,

                        Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      The Court has reviewed the parties' revised proposed settlement documents filed on December 5, 2023. ECF No. 70 ("Settlement Agreement" and "Notice"). Before the Court can approve the proposed settlement, including the notice to potential class members, the parties must revise the documents as follows:

(i)     In the preamble to the Settlement Agreement, before the last "WHEREAS" clause, a new clause should be added to better explain the current status of the FLSA Collective. One possibility would be for the clause to state as follows: "WHEREAS, the time period for individuals to opt in to the FLSA Collective, in accordance with the Notice of a Proposed Collective Action, has concluded, and a total of 9 individuals have elected to participate in the FLSA Collective, *see* ECF Nos. 17-19, 56, 58-62."

(ii)    All references to the Thurgood Marshall U.S. Courthouse, New York, NY 10007 must be changed to the Charles L. Brieant, Jr. Federal Building and U.S. Courthouse, 300 Quarropas Street, White Plains, NY 10601.

(iii)   All references to the case name should remove the initials (KMK) and should only have the initials (AEK), since the parties have consented to proceed before Judge Krause for all purposes.

(iv)   All references to the "Clerk of the Southern District of New York" should instead reference the "Clerk of Court of the Southern District of New York."

(v)    It seems to the Court that all references to October 7 (either 2014 or 2017) should instead reference October 1 (2014 or 2017). This is undoubtedly correct for the

|      |      |
|------|------|
|      | date for the beginning of the time period for the FLSA Collective, because October 1, 2017 is the date that was specified in the Court-approved Notice of a Proposed Collective Action.  *See* ECF No. 56.  Given that this lawsuit was filed on October 1, 2020, it seems that the appropriate start date for the proposed NYLL class would be October 1, 2014, rather than October 7, 2014.  If the parties determine that October 7, 2014 is, in fact, the appropriate date for the start of the relevant class period, that decision should be explained in the next submission to the Court. |
| (vi) | To more accurately reflect the fact that the FLSA Collective consists of a defined group of nine individuals who already have elected to participate in the FLSA Collective and release their FLSA claims as part of this settlement, all references in the Settlement Agreement to a "Claim Form" should be changed to "consent to join the Action"; and paragraph 2 should be edited to add, after "includes," "the 9," and after "2021, "who have consented to join the Action." |
| (vii) | Because the preliminary approval order will only *conditionally* certify the proposed settlement class, Paragraph 5.a of the Settlement Agreement should be revised; one possible framing would be to state: "Find that the requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. § 216(b) and any other requirements for conditional certification of the Settlement Class and Collective have been satisfied." |
| (viii) | Again to make clear that one notice was approved previously for the FLSA Collective and one notice procedure is still in the process of being approved, Paragraph 5.d of the Settlement Agreement should be revised to state "previously approved by the Court for the Collective" and "as set forth below for the Settlement Class." |
| (ix) | Paragraphs 7.b and 12 of the Settlement Agreement are blank and should be deleted and the remaining paragraphs renumbered. |
| (x) | In light of the discussion at the November 28, 2023 status conference and the representation by defense counsel in ECF No. 71, in paragraph 21.b of the Settlement Agreement, the words "upon Final Approval of this Settlement Agreement" should be changed to "on February 1, 2024." |
| (xi) | Paragraph 26 of the Settlement Agreement should state, "Eighty percent (80%)" and "Twenty percent (20%)" (the word "percent" was inadvertently omitted in both places in the draft submitted to the Court). |
| (xii) | In paragraph 27 of the Settlement Agreement, the parties will either have to agree on a different organization to serve as the *cy pres* designee instead of St. Jude's Children's Research Hospital, or provide an explanation as to why St. Jude's Children's Hospital is an appropriate *cy pres* designee.  *See Capsoulas v. Pasta Resources Inc.*, 505 F. Sipp. 3d 255, 258-59 (S.D.N.Y. 2020) (noting that courts |

          approve *cy pres* designees that "reasonably approximate" the interests of the class). If the parties decide to select a different *cy pres* designee, then paragraph 6 of the Notice also will have to be revised accordingly.

(xiii)    In paragraph 28 of the Settlement Agreement, the sentence beginning with the words "An Individual Plaintiff who does not timely return . . ." should be deleted, because as currently drafted, the agreement inaccurately suggests that an Individual Plaintiff could still potentially opt in to the FLSA Collective. In the next sentence, the words "Individual Plaintiffs" should be replaced with the words "members of the Collective," to make clear that the redistribution will only be to members of the Collective, and not to all "Individual Plaintiff(s)."

(xiv)    Further revision is necessary in paragraph 31 of the Settlement Agreement. The Court's understanding is that in order to determine the "Monetary Value" of each Individual Plaintiff's Share, a Settlement Class Member's Share will be calculated by multiplying the Individual Plaintiff's Share (as calculated in paragraph 29) by $100,000 (*i.e.*, the amount of the Settlement Class Fund), and a Collective Member's Share will be calculated by multiplying the Individual Plaintiff's Share (as calculated in paragraph 29) by $25,000 (*i.e.*, the amount of the Collective Fund), with pro rata adjustments to be made thereafter. Despite the discussion at the November 28, 2023 conference and the parties' attempt to revise this portion of the Settlement Agreement, it is still not clear in the Settlement Agreement exactly how a member of the FLSA Collective will receive a Settlement Class Payment and a Collective Payment. The Court's understanding is that members of the Collective who were employed by Cuetes Corp. prior to October 1, 2017 are eligible to receive both a Collective Payment (for weeks worked during the post-October 1, 2017 period) as well as a Settlement Class Payment (for weeks worked during the pre-October 1, 2017 period). It may be that for these individuals, their payment shares will have to be calculated in two parts, with the Individual Plaintiff's Share, as calculated in paragraph 29, calculated separately for the pre-October 1, 2017 period and the post-October 1, 2017 period, but the parties may be contemplating a different process. The mechanics of how the Monetary Value for each portion of the payments for these individuals is to be calculated and allocated must be explained further in the Settlement Agreement.

(xv)    To avoid confusion between payments to be made to Plaintiffs by the Settlement Administrator and payments to be made by Defendant in order to fund the Settlement, in paragraphs 37 and 40 of the Settlement Agreement, the references to "Settlement Payment as described in the schedule above," and "Settlement Payment from Defendants by the Settlement Administrator as described in the schedule above," should be changed to "payment as described in the schedule in paragraph 21 above," and "payment from Defendants by the Settlement Administrator as described in the schedule in paragraph 21 above."

(xvi)    For similar reasons all references to "Settlement Payments" in paragraphs 35, 37, and 38 of the Settlement Agreement should be changed to "Settlement Class

3

        Payments and Collective Payments," except in paragraph 38, where the references to "the nonwage portions of the Settlement Payments" should be changed to "the nonwage portions of the Settlement Class Payments."

(xvii)    The release provisions regarding FLSA claims in the current draft agreement are confusing and need to be modified to better explain which of the Individual Plaintiffs are and are not releasing FLSA claims  One potential way to address this would be for Paragraph 43 of the Settlement Agreement to be revised to say: "The release of claims for violations of the federal Fair Labor Standards Act only applies to the 9 members of the Collective.  The release of claims for violations of the federal Fair Labor Standards Act is not intended and shall not be construed to apply to any Plaintiffs who did not timely submit a properly completed consent to join the Action.  The release with respect to any Plaintiffs who did not timely submit a properly completed consent to join the Action shall otherwise be in full force and effect, including with respect to wage and hour claims brought on any legal basis *other than* pursuant to the Fair Labor Standards Act."

(xviii)    To avoid confusion, all references in the Notice to potential class members to the FLSA, the collective, or the collective action—on page 1 (first bullet point), pages 2-3 (paragraph 3), and page 3 (paragraph 5)—should be deleted.  This notice is designed to provide instruction to potential class members regarding their participation in the class; whether or not those class members choose to participate in the class will not affect those individuals' rights under the FLSA.

(xix)    In paragraph 9 of the Notice, after the words "or based on legal theories asserted in this case," should be added the words, "with certain exceptions," or something similar, in order to account for the fact that the Settlement Class members' FLSA claims are not being released, except for the individuals who opted in to the FLSA Collective.

(xx)    It is the Court's understanding from the parties' submissions that there is only one Class Representative (Mr. Salazar), and that Mr. Salazar is the only individual who is proposed for a service award as part of the settlement.  Accordingly, in paragraph 16 of the Notice, any reference to the Class Representative should be singular.  The last sentence of this paragraph should say, "Class Representative's incentive award," and the words "and opt-in Plaintiff's" should be deleted.

    The Court will provide an annotated version of the draft Settlement Agreement to counsel which identifies these areas of concern more specifically, along with a handful of other self-explanatory typographical errors that require correction.  Any notations on the version provided by the Court are for illustrative purposes only and do not constitute rulings of the Court—the

parties must revise the agreement in accordance with this order, using language that they and their clients deem appropriate, and then resubmit the proposed agreement for further review.

In addition, the memorandum of law submitted in support of the motion for preliminary approval of the settlement, ECF No. 66, does not address the requirements for conditional class certification, such as the Rule 23(a) requirements of commonality, typicality, numerosity, and adequacy, or the Rule 23(b) requirements for maintaining a class action.  Accordingly, Plaintiffs must file a supplemental memorandum of law addressing these issues.

The parties are directed to file their further revised Settlement Agreement and Notice, reflecting these changes, by no later than **December 15, 2023**.  To the extent the parties make any other edits to the submissions—no matter how ministerial those edits may seem—the parties must submit a letter along with the revised submission that lists the additional editing changes. In addition, by no later than **December 29, 2023**, Plaintiffs are to file a supplemental memorandum of law in support of conditional class certification, addressing the requirements of Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

Dated: December 8, 2023
       White Plains, New York

                                              **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge