**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jose M. Salazar, *individually and on behalf of all others similarly situated*, | |
| Plaintiffs, | Case No. 7:20-cv-08167 |
| v. | **[Proposed] Class Action and Collective Settlement Agreement** |
| Cuetes Corp., | |
| Defendant. | |

## SETTLEMENT AGREEMENT AND RELEASE

This [Proposed] Class Action and Collective Action Settlement Agreement ("Settlement Agreement") is made and entered into, by and among Plaintiff Jose Salazar ("Named Plaintiff"), on behalf of himself and the members of a Settlement Class (defined herein collectively, "Plaintiffs") and Cuetes Corporation ("Defendant"). The Named Plaintiff represents the Class for purposes of this Settlement Agreement.

## RECITALS

WHEREAS, on October 1, 2020, Plaintiffs filed the action captioned *Jose Salazar, individually and on behalf of all other similarly situated, v. Cuetes Corp, and Does 1-50, inclusive Civil Action No.: 7:20cv-08167*, in the United States District Court for the Southern District of New York (the "Action"); and

WHEREAS, Defendant filed an Answer to the Complaint, denying the materials allegations and raising several defenses; and

WHEREAS, in the Action, the Plaintiffs have asserted a number of federal law and state law claims against the Defendant, including: (1) the overtime requirements under the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the overtime requirements under New York

Labor Law ("Labor Law" or "NYLL") § 650 *et seq.*; (3) failure to pay compensation at the rate

for which Plaintiffs are entitled for hours worked under 40 per week, in violation of the NYLL;

(4) the spread of hours and/or split shift requirement under New York State Regulation 12 NYCRR

§ 142-2.4 ("NYCRR"); (5) the wage statement and notice requirements of NYLL § 195; and

WHEREAS, after the parties participated in several court proceedings during which

settlement negotiations were facilitated; and

WHEREAS, as a result of the mediations and subsequent settlement negotiations, the parties

were able to negotiate a settlement; and

WHEREAS, Defendant has denied any wrongdoing towards any of the Plaintiffs, including

with respect to the claims asserted in the Action, has denied that the claims asserted by the

Plaintiffs are suitable for class treatment other than for settlement purposes, denies that it has any

liability whatsoever, but has agreed to this Settlement Agreement solely because of the substantial

expense of litigation, the length of time necessary to resolve the issues presented, the

inconvenience involved, and the disruption to its business operations; and

WHEREAS, the Weisenberg Firm, PLLC. ("Plaintiffs' Counsel") is aware that Defendant

has raised defenses to Plaintiffs' allegations and causes of action on which it might prevail,

including the defense that no class may be certified, and if Defendant were to prevail on its

defenses Plaintiffs might not receive any benefit or consideration for the claims that have been

asserted in the Action; and

WHEREAS, based on its analysis and evaluation of a number of factors, Plaintiffs' Counsel

recognized the substantial risks of continued litigation and delays, including the likelihood that the

claims in the Action, if not settled now, might not result in any recovery whatsoever for Plaintiffs or the Settlement Class; and

WHEREAS, Plaintiffs' Counsel has conducted and extensive and thorough study and investigation of the law and facts relating to the claims there were asserted and that could have been asserted in the Action, as well as an extensive and thorough study and investigation of the scope and identity of the Settlement Class, and has concluded, taking into account the benefits of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair and reasonable and in the best interests of the Plaintiff and the Settlement Class; and

WHEREAS, the parties have modified the initially submitted Proposed Settlement Agreement in line with the Court's initial feedback concerning the previous version of the Proposed Settlement Agreement;

WHEREAS, the parties have modified the initially submitted Proposed Settlement Agreement after having sent out Notice of a Proposed Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

WHEREAS, the parties have modified the initially submitted Proposed Settlement Agreement in line with the Court's feedback concerning the modified version of the Proposed Settlement Agreement submitted subsequent to having sent out Notice of a Proposed Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

WHEREAS, the time period for individuals to opt in to the FLSA Collective, in accordance with the Notice of a Proposed Collective Action, has concluded, and a total of 9 individuals have elected to participate in the FLSA Collective, *see* ECF Nos. 17-19, 56, 58-62;

WHEREAS, subject to the approval of the Court, the parties wish to terminate the Action and effect a compromise (the "Settlement");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties that the claims asserted in the Action shall be settled and released, subject to the approval of the Court, upon the subject to the following terms and conditions:

## I.      THE SETTLEMENT COLLECTIVE AND CLASS AND ADMINISTRATION.

1.      There shall be one NYLL Settlement Class (the "Settlement Class") that includes all hourly, non-exempt employees of Defendant employed at any time from October 1, 2014, through September 1, 2021.

2.      There shall be one FLSA Collective (the "Collective") that includes 9 hourly, non-exempt employees of Defendant employed at any time from October 1, 2017, through September 1, 2021, who have consented to join the Collective.

3.      Composition of the Settlement Class shall be based exclusively upon Defendants' records.

4.      The parties have mutually selected Settlement Services, Inc., located at PO Drawer 1657, Tallahassee, Florida 32302, as the "Settlement Administrator."  The parties agree that the Settlement Administrator shall be an independent contractor, and not the agent of any party or any party's counsel.  The fees and expenses charged by the Settlement Administrator will be paid out of the Settlement Fund.

## II.     THE PRELIMINARY APPROVAL ORDER

5.      As soon as practicable after the execution of this Settlement Agreement, the parties shall present this Settlement Agreement to the Court.  The parties will request by joint motion that the Court enter a preliminary approval order, which shall accomplish the following:

a. Find that the requirements of Federal Rule of Civil Procedure 23 and any other requirements for conditional certification of a Settlement Class have been satisfied;

b. Preliminarily approve the Settlement Agreement as fair, reasonable and adequate;

c. Find that the notice procedure as set forth below for the Settlement Class satisfies the requirements of due process and applicable law and procedure;

d. Apprise plaintiffs of their right to opt out or object to the Settlement;

e. Set the time period for opting-out, or filing objections, to be no more than sixty (60) days after the date of mailing the Notice Packet, defined below, to members of the Settlement Class;

f. Set a date for the hearing at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement (the "Final Fairness Hearing"), such date to be not less than thirty (30) days after the deadline for Class Members to timely opt-out or file objections;

g. Appoint named plaintiff Jose Salazar as class representative for the Settlement Class; and

h. Appoint Benjamin Weisenberg of the Weisenberg Firm, PLLC as class counsel to the Settlement Class.

6.      In the event the Court disapproves or sets aside this Settlement Agreement, or any material part hereof, for any reason, then the parties will either jointly agree to accept the Settlement Agreement as judicially modified or engage in good faith negotiations in an effort to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval.  If

such negotiations prove unsuccessful, then any party may declare this Settlement Agreement null and void, and the Action will proceed, and the parties will seek a new scheduling order from the Court.  Such declaration shall only be made following fourteen (14) days' notice by such party to the other party of its intention to declare the Settlement Agreement null and void.  The parties may agree by stipulation executed by counsel to modifications to this Settlement Agreement or the Exhibits hereto to effectuate the purposes of this Settlement Agreement and/or to conform to guidance from the Court with regard to the contents of this Settlement Agreement or the Exhibits hereto without need for further amendments of this Settlement Agreement.  Any such stipulation shall be filed with the Court.

## III.    NOTICE

7.    The Class Action Notice (attached hereto as Exhibit A) (the "Notice Packet"), shall apprise Plaintiffs of the existence of the Settlement Agreement and direct them to a toll-free number for the Settlement Administrator if they have questions about the Settlement.  The Class Action Notice shall:

a.    Inform Plaintiffs of the material terms of the Settlement Agreement;

b.    Inform Plaintiffs of their right to object to the proposed Settlement, and that any objection to the proposed Settlement must be filed with the Court (via the Clerk of Court of the Southern District of New York, Hon. Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 and served upon all counsel of record by first class mail by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet;

c.   Inform Plaintiffs that any persons who seek to exclude themselves or "opt out" from the Settlement Class must do so in writing, sent by first class mail, by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet;

d.   Inform Plaintiffs that if they do not opt out of the Settlement Class, they will be bound by the terms of the Settlement applicable to the Settlement Class;

e.   Inform Plaintiffs that a Final Fairness Hearing to determine the fairness, reasonableness, and adequacy of the proposed Settlement will be held on a date fixed by the Court not less than thirty (30) days after the deadline for Class Members to timely opt-out or file objections and provide the date, time, and location of the Final Fairness Hearing; and

f.   Inform Plaintiffs that the Court retains the right to reschedule the Final Fairness Hearing without further notice.

8.   Within twenty-one (21) days of the entry of the Preliminary Approval Order, Defendant will obtain from its records and provide to the Settlement Administrator the last known mailing address and the Social Security numbers that it possesses for each Plaintiff, based on the current or last position held by the Plaintiff, and the total number of pay periods worked by each such Plaintiff. Within thirty (30) days of entry of the Preliminary Approval Order described above, the Settlement Administrator shall mail the Notice Packet by U.S. Mail to each Plaintiff identified by Defendants. The date of the postmark deadline for opting out or filing an objection shall be printed in the Notice Packet.

9.   Within ten (10) days of filing of the request for preliminary approval of this Settlement Agreement with the Court, Defendant will serve or cause to be served upon the

appropriate State official of each State in which a Plaintiff resides and the United States Attorney General, a notice of the proposed Settlement, in accordance with 28 U.S.C. § 1715, will provide a copy of such notice to Plaintiffs' Counsel, and will file with the Court a notice of compliance with 28 U.S.C. § 1715.

## IV.    OPT-OUT PROCEDURES

10.    Any Plaintiff shall have the right to be excluded (*i.e.*, to "opt out") from the Settlement Class.  On or before the opt-out deadline established by the Court (but no more than sixty (60) days after the mailing date of the Notice Packet), each Plaintiff electing to opt out of the Settlement Class must send by first-class mail written notice addressed to the Settlement Administrator, indicating his or her name and address and that he or she desires to be excluded from the Settlement Class.  Plaintiffs who do not timely (as measured by the postmark on such Plaintiff's written notice) opt out of the Settlement Class by written notice correctly directed and containing the requisite information shall remain members of the Settlement Class and shall be bound by any order(s) of the Court regarding the Settlement Class and/or the Settlement.  The Settlement Administrator shall provide copies of any opt-out notices to Plaintiffs' Counsel and Defendant's counsel within a reasonable time after receipt of the same by the Settlement Administrator, but no later than fourteen (14) days prior to the Final Fairness Hearing (unless received by the Settlement Administrator after such time, in which event the Settlement Administrator shall immediately forward copies of same to Plaintiffs' Counsel and Defendant's Counsel).

11.    In the event that twenty percent (20%) or more of the total number of Plaintiffs in the Settlement Class elect to opt out of the Settlement, Defendant shall have the right, after reasonable consultation with Plaintiffs' counsel, to void the Settlement in its entirety.

12.     The parties agree to negotiate in good faith to resolve any dispute by a Plaintiff concerning the relief to which that person is entitled under this Settlement Agreement ("Dispute"). A Dispute shall be initiated by serving a written notice on Plaintiffs' Counsel (unless the Dispute is initiated on the member's behalf by Plaintiffs' Counsel) and Defendant's Counsel within thirty (30) days of the action and/or inaction giving rise to the Dispute ("Notice of Dispute"). The Notice of Dispute shall include such Plaintiff's name, address, telephone number and a detailed description of the dispute. Any Dispute that the parties cannot resolve between themselves may be submitted to the Court, which will retain jurisdiction to resolve any such Dispute.

## V.    FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER

13.     The parties agree to petition the Court to hold a Final Fairness Hearing and for the Court to enter an order finally approving the Settlement ("Final Judgment and Order").

14.     Pursuant to 28 U.S.C. § 1715(d), the parties agree that the Final Fairness Hearing shall not be held, and no Final Judgment and Order shall issue, prior to ninety (90) days after completion by Defendant of the notice requirement in 28 U.S.C. § 1715. The parties further agree that, subject to the Court's schedule, such Final Fairness Hearing will be held not less than thirty (30) days after the deadline for Class Members to timely opt out of the Settlement Class.

15.     The parties will submit a joint motion for final approval ten (10) days prior to the date set by the Court for the Final Fairness Hearing.

16.     The parties intend to seek a Final Judgment and Order that shall:

    a. Approve the Settlement Agreement without modification (except insofar as agreed upon by the parties) as fair, reasonable and adequate to the Settlement Class, and direct its consummation according to its terms;

b.  Find that the form and manner of class notice implemented pursuant to this Settlement Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Plaintiffs of the pendency of the Action, the terms of the proposed Settlement, the right to object or exclude themselves from the proposes Settlement, and the right to appear at the Final Fairness Hearing; (iii) constitute due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of state and federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c.  Find that all Plaintiffs that submitted a consent to join the Action are bound by the Settlement Agreement's terms applicable to the Collective.

d.  Find that all Plaintiffs except those who have properly excluded themselves shall be bound by the Settlement Agreement's terms applicable to the Settlement Class;

e.  Direct that the judgment be entered immediately dismissing with prejudice all individual and class claims asserted in the Action and ruling that no costs or fees will be assessed on either party other than as expressly provided in this Settlement Agreement;

f.  Approve payment of the benefits to the class members and the service award to the Named Plaintiff and make any necessary findings with regard to those approvals;

g.  Award attorneys' fees and costs, and make any necessary finding with regard to such award; and

h. Retain all jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

17.    This Settlement Agreement shall become effective and be deemed final after the Final Judgment and Order is rendered not subject to any appeal, attempt to re-open the judgment, or request to extend the time to seek an appeal, or, if an appeal had been sought, the expiration of the last of (i) the final disposition of any such appeal and (ii) any further proceedings in the trial court or on subsequent appeal, which ultimate disposition approves the Court's Final Judgment and Order ("Effective Date").

18.    Any objection to the Settlement or petition to intervene in the Action must be in writing, and must include: (1) evidence that the objector or intervenor is a member of the Settlement Class as defined above; (2) a notice of intent to appear at the Final Fairness Hearing; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit (subject to the Federal Rules of Evidence); and (6) a list of any exhibits, or any copies of same, which the objector may offer at the Final Fairness Hearing.  Such objection must be filed with the Court (via the Clerk of Court of the United States District Court, Southern District of New York, Hon. Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 and served upon all counsel of record by first class mail by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet.

19.    No Plaintiff shall be entitled to contest in any way the approval of the terms and conditions of this Settlement Agreement or the Final Judgment and Order except by filing and

11

serving written objections in accordance with the provisions of this Settlement Agreement. Any Plaintiff who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement. Any Plaintiff who fails to opt out of the Settlement Class in accordance with this Settlement Agreement shall be bound by the terms of this Settlement.

## VI.    THE SETTLEMENT FUND

20.    Defendant shall deposit with the Settlement Administrator the settlement amount of One Hundred and Seventy-Five Thousand Dollars ($175,000) (the "Gross Settlement Fund") pursuant to the following schedule:

    a.  Defendant shall make twenty-four (24) payments, on the first of every month for twenty-four (24) months in the amount of $7,291.67;

    b.  Defendant's first payment shall be made on February 1, 2024; and

    c.  All payments shall be made payable to the Settlement Administrator approved by the Court.

21.    For the purposes of clarity, Defendant is responsible separate and apart from the Gross Settlement Fund for any taxes it may owe as a result of entering into this Settlement Agreement; including but not limited to, any FICA taxes that must be paid as a result of a portion of the Settlement Class Payments and Collective Payments constituting payment of wages.

22.    Defendant will be permitted a ten (10) day cure period for any payments not timely made. In the event Defendant fails to make a timely payment and fails to cure within the ten (10) day cure period, Defendant shall be in default ("Default") of this Agreement. In the event of a Default, Defendant will be responsible for the remaining balance of the Settlement Class Payments

and Collective Payments and a One Hundred percent (100%) liquidated damage on the remaining balance of the Settlement Class Payments and Collective Payments.

23.     In the event of Default, Plaintiffs shall have the right to enter judgment against Defendant for the remaining balance of the Settlement Payment and One Hundred (100) percent of l iquidated damages on the remaining balance of the Settlement Class Payments and Collective Payments.  The Parties agree that the United States District Court of the Southern District of New York shall retain jurisdiction of this Action until Defendant has paid the entirety of the Settlement Class Payments and Collective Payments.

24.     The Gross Settlement Fund shall be distributed by the Settlement Administrator as follows:

      a.   Fees and costs of the Settlement Administrator not to exceed $10,000;

      b.   Attorneys' fees and reimbursement of litigation costs to Plaintiffs' Counsel, the Weisenberg Firm, PLLC, in the amount of Twenty Thousand Dollars ($20,000);

      c.   A service bonus of $20,000 to the Named Plaintiff, Jose Salazar; and

      d.   The Balance to the Settlement Class and Collective (i.e., the Net Settlement Fund).

25.     The Settlement Class Payments and Collective Payments shall be paid out of the "Net Settlement Fund," (*i.e.*, $175,000 minus the items identified in Paragraph 24(a-c) of this Agreement).  Eighty percent (80%) of the Net Settlement Fund shall be earmarked as monies for payment to the Settlement Class.  Twenty percent (20%) of the Net Settlement Fund shall be earmarked as monies for payment to the Collective.

26.     Every member of the Settlement Class shall receive an Individual Settlement Class Payment unless an Individual Plaintiff properly "Opts out," of the Settlement Class through the processes and procedures defined in this Settlement Agreement (the "Settlement Class Payment"). Members of the Settlement Class shall have 180 calendar days after mailing of their settlement checks to cash their Settlement Class Payment check.  In the event a Settlement Class Member does not cash his or her Settlement Class Payment check within this 180-day period, their check shall be void and a stop payment will be issued.  The remaining value of any and all uncashed or unclaimed Settlement Class Payment checks shall be donated to The Legal Aid Society of New York.  Notwithstanding the Settlement Class Member's failure to cash their Settlement Class Payment check, the affected Settlement Class Member shall be deemed to have irrevocably waived any right in or claim to their Settlement Class Payment **and** their Settlement Class release of claims shall and will remain binding upon them.

27.     In addition to the Settlement Class Payment, each Individual Plaintiff who timely returned a properly completed consent to join the Action shall receive a Collective Settlement Payment.  The Collective Payment amounts that are not claimed by putative Collective members shall be redistributed to the members of the Collective who timely returned a properly completed consent to join the Action as soon as practicable after the close of the 180-day period described above.

28.     The amount(s) of each Individual Plaintiff's payment(s) shall be calculated by the following formula:

### STEP 1
### *Individual Plaintiff's Share*
### Individual Plaintiff's Share Shall Be Calculated As Follows

(    Number of Pay Periods worked by the Individual Plaintiff     )
(                              *divided by*                              )

(    Total Number of Pay Periods worked by all Putative Class    )
(    and Collective Members as Determined by the Defendant's    )
    Records  Collected  Pursuant  to  the  Proposed  Settlement
    Agreement

29.    In determining an Individual Plaintiff's Share, the Settlement Administrator shall not credit twice the weeks worked during the overlapping FLSA period and NYLL period for any Individual Plaintiff who is going to receive both a Settlement Class Payment and a Collective Payment (the "Overlapping Years").  Meaning, an Individual Plaintiff shall not receive the wage income payment (as described below) for the weeks worked during the Overlapping Years under both the FLSA and the NYLL.  Instead, an Individual Plaintiff who shall receive both the Settlement Class Payment and the Collective Payment shall only receive a wage income payment under either the FLSA or the NYLL (whichever is greater).

30.    Once an Individual Plaintiff's Share has been determined, the Settlement Administrator shall use the Individual Plaintiff's Share to determine the Monetary Value of an Individual Plaintiff's Share given each Individual Plaintiff's entitlement to either a Settlement Class Payment or Collective Payment and/or in some cases both a Settlement Class Payment and a Collective Payment.  For members of the Collective who were employed by Cuetes Corp. prior to October 1, 2017, as well as after October 1, 2017, rendering them eligible for both a Collective Payment as well as a Settlement Class Payment, the Settlement Administrator shall calculate their payment shares in two parts: (1) calculating their pre-October 1, 2017, period, and then (2) calculating their post-October 1, 2017, period.

31.    The Settlement Class Payment shall be treated as both a wage income payment, subject to all appropriate withholdings and for which a W-2 Tax Form shall be issued, and a payment representing statutory penalties (a.k.a., liquidated damages in some circumstances), for

which a Tax Form 1099 shall be issued.  The Collective Payment shall be wholly treated as a wage income payment, subject to all appropriate withholdings and for which a W-2 Tax Form shall be issued.

32.     Fifty percent (50%) of the Settlement Class Payment shall be treated as wage income subject to all appropriate withholdings and a W-2 Tax Form shall be issued.  Fifty percent (50%) of the Settlement Class Payment shall be treated as statutory penalties for which a Tax Form 1099 shall be issued.

33.     At the close of the 180-day period described above, the Settlement Administrator shall determine the total amount of the Net Settlement Fund earmarked for payment to the Collective that remains outstanding and unpaid (the "Remaining Net Settlement Fund Collective Amount").  The Settlement Administrator shall seek and secure confirmation from both Plaintiffs' counsel and the Defendant's counsel that their accounting of the Remaining Net Settlement Fund Collective Amount is true and correct.  The Settlement Administrator shall then distribute the Remaining Net Settlement Fund Collective Amount to the members of the Collective on a pro-rata basis.  For the purpose of this paragraph the term "pro-rata" shall be determined by each member of the Collective's length of service.

34.     The total of the Settlement Class Payments and Collective Payments due to the Plaintiffs shall not exceed the total of the Net Settlement Fund.  In the event that the total amount of Settlement Class Payments and Collective Payments is calculated to be an amount greater than the Net Settlement Fund, the benefit to each Individual Plaintiff shall be reduced on pro-rata basis, determined by each Individual Plaintiff's length of service.

35.    It is expressly understood and agreed between the parties that the Settlement Fund distribution terms constitute material and essential terms and are to be included in the Final Order and Judgment entered by the Court.

## VII.    PAYMENT AND DISTRIBUTION

36.    All Settlement Class Payments and Collective Payments to Plaintiffs pursuant to this Settlement Agreement shall be made by the Settlement Administrator using checks and delivered by first class mail, postmarked within fourteen (14) days after receipt of the final payment from Defendants as described in the schedule in paragraph 20 above, to each Plaintiff determined by the Settlement Administrator to be eligible for payment, to the address designated for such Plaintiff by the Settlement Administrator.

37.    The Settlement Administrator shall report the wage portions of the Settlement Class Payments and Collective Payments on an IRS Form W-2 and the nonwage portions of the Settlement Class Payments on an IRS Form 1099.  The wages portions of the Settlement Class Payments and Collective Payments shall be subject to any adjustments, deductions or withholdings for applicable taxes or as otherwise required by federal, state or local law.  The Settlement Administrator shall separately invoice Defendant for the employer share of FICA taxes on the wage portions of the Settlement Class Payments and Collective Payments.

38.    Each Plaintiff accepting payment pursuant to this Settlement Agreement agrees that he or she is solely responsible for his or her tax liability under federal, state or local tax laws arising from the payments described herein and agrees to hold harmless and indemnify Defendant in full for any tax obligations, interest, fines or penalties for which Defendant may become liable for such Plaintiff's tax liability for all amounts paid to him or her under the terms of this Settlement Agreement.   Defendant makes no representations or warranties, express or implied, to Plaintiffs

17

regarding the tax consequences of the payments herein or their allocation, and Plaintiffs have not relied on any such representation or warranty. Defendant shall have no further obligation to any Plaintiff with respect to this Action upon the mailing of such payment. In the event any such payment is returned by the U.S. Postal Service as undeliverable, or is uncashed or non-negotiated prior to its expiration, neither Defendant nor the Settlement Administrator shall have any further obligations to such Plaintiff except that (1) for any check returned by the U.S. Postal Service with a forwarding address prior to the check's expiration date, the Settlement Administrator shall mail the check to the forwarding address; and (2) if a Plaintiff contacts the Settlement Administrator to request a replacement check, the Settlement Administrator shall comply with such a request by cancelling the initial check and issuing a replacement. However, the replacement check shall expire on the same date as the original check.

39.    All other disbursements from the Settlement Fund shall be made by the Settlement Administrator within five (5) business days after receipt of the final payment from Defendant by the Settlement Administrator as described in the schedule above in paragraph 20.

40.    Any amounts remaining in the Settlement Fund after the expiration date of all checks issued as Settlement Class Payments and the distribution of the Remaining Net Settlement Fund Collective Amount shall be donated to The Legal Aid Society of New York. The parties agree that all Plaintiffs waive and abandon any ownership interest in any undeliverable, returned, uncashed, and/or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, uncashed, and/or non-negotiated checks.

## VIII.   RELEASE AND COVENANT NOT TO SUE

41.    On the Effective Date of this Settlement Agreement, for the Settlement Class benefits and for other good and valuable consideration, the receipt and sufficiency of which are

hereby acknowledged, all Plaintiffs  who have not timely and properly opted out of the Settlement Class, and their respective current and former spouses (insofar as possessing rights in this Action on behalf of Plaintiffs), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Defendant, its owners, principals, affiliates, parents, subsidiaries, divisions, officers, predecessors, successors, directors, agents, attorneys, insurers, employees and assigns ("Released Parties"), from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action, claims for violations of the New York State Labor Law's wage and hour laws or its related regulations (including but not limited to those arising under the Wage Theft Prevention Act, as amended,  the requirements of New York Labor Law Section 195, payment of minimum wages, payment of overtime wages, payment of spread of hours pay, and/or payment of split shift pay) and claims for violations of the federal Fair Labor Standards Act or its related regulations.  The release includes, but is not limited to, claims for unpaid wages, unpaid overtime, minimum wages, premium pay, interest, liquidated damages, damages, attorneys' fees, costs, injunctive relief, declaratory relief, penalties, and related forms of relief.

42.    The release of claims for violations of the federal Fair Labor Standards Act only applies to the 9 members of the Collective.  The release of claims for violations of the federal Fair Labor Standards Act is not intended and shall not be construed to apply to any Plaintiffs who did not timely submit a properly completed consent to join the Action.  The release with respect to any Plaintiffs who did not timely submit a properly completed consent to join the Action shall otherwise be in full force and effect, including with respect to wage and hour claims brought on any legal basis *other than* pursuant to the Fair Labor Standards Act.

43.     The Named Plaintiff, members of the Collective, and the Settlement Class further covenant and agree that (a) they will not sue or bring any action or cause of action, including by way of a third party claim, cross claim, or counterclaim, against any of the Released Parties with respect to any claims released by this Settlement Agreement; (b) they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties with respect to any claims released by this Settlement Agreement; (c) if involuntarily included in a class action against any of the Released Parties with respect to any claims released by this Settlement Agreement, opt out of the lawsuit to the extent possible; and (d) they will not voluntarily and knowingly assist any third party in initiating or pursuing a class action lawsuit with respect to any claims released by this Settlement Agreement.

44.     It is expressly understood and agreed between the parties that the release language in this Settlement Agreement constitutes material and essential terms and are to be included in the Final Order and Judgment entered by the Court.

## IX.    NO ADMISSION OF LIABILITY

45.     This Settlement Agreement shall not in any way be construed as an admission by any party, or any of their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents or employees of any claim.  Defendant, on behalf of itself and its owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents and employees, expressly denies any and all wrongdoing.

## X.    TOTAL RELIEF

46.     The parties expressly agree that under no circumstances whatsoever shall Defendant be responsible for paying any monies, benefits, costs, expenses, attorneys' fees or expert costs in settlement of the Action other than as expressly provided for in this Settlement

Agreement.  Plaintiffs acknowledge and agree that Plaintiffs' Counsel's attorneys' fees, costs and expert fees are included as part of the Settlement Fund and will not seek, either directly or indirectly, any other applicable or other relief for such fees or costs.

## VIII.   EVIDENTIARY EFFECT OF SETTLEMENT AGREEMENT

47.    Neither this Settlement Agreement nor any related documents, negotiations, statements, or court proceedings shall be construed as, received as, used as, or determined to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the party of any person or entity, including but not limited to Defendant and the Released Parties, or as a waiver by Defendant of any applicable defense to the claims asserted or to Plaintiffs' ability to maintain this action as a class action.

## XI.   CHOICE OF LAW

48.    This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of New York.

## XII.   MISCELLANEOUS PROVISIONS

49.    The failure of any party to exercise any rights hereunder shall not constitute waiver of the right to the later exercise thereof, except as expressly provided herein.  No delay on the part of any party in exercising any power or right hereunder will operate as a waiver thereof nor will any single or partial exercise of any power or right hereunder preclude other or further exercises thereof or the exercise of any other power or right, except as expressly provided herein.

50.    The parties agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by court order or otherwise, to carry out the terms and objectives of this Settlement Agreement.

51.     The headings in this Settlement Agreement are solely for the convenience for the reader and shall not affect the meaning or interpretation of this Settlement Agreement.

52.     Each party has cooperated in the drafting and preparation of this Agreement.  In any construction to be made of this Agreement, the same shall not be construed against any party.

53.     The parties agree that this Agreement contains the entire understanding of the parties, that there are no additional promises or terms between the parties other than those contained herein, and that this Agreement shall not be modified except in writing signed by each of the parties.

**[Signatures Page(s) to Follow]**

**THE FOREGOING SETTLEMENT IS AGREED AND SO STIPULATED:**

 

**Dated: _____**

**Name:** _____

*Attorneys for Defendant*

 

**Dated: _____**

**Name:** _____

*Attorneys for Plaintiff*

 

**Dated: _____**

**Jose Salazar** _____

*Plaintiff*

 

**Dated:_____**

**Cuetes Corp.** _____

*By:*
*Defendant*