UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Salazar, individually and on behalf of all others similarly-situated,<br><br>                       Plaintiffs,<br><br>       v.<br><br>Cuetes Corp., and Does 1-50, inclusive,<br><br>                      Defendants. | **Case No. 1:20-cv-8167-AEK** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Case No. 1:20-cv-8167-AEK

## INTRODUCTION

Class Representative Jose Salazar and Class Counsel the Weisenberg Firm, PLLC, request the Court grant Final Approval to the Class Action Settlement preliminarily approved on March 20, 2024.

## PROCEDURAL HISTORY

On October 1, 2020, Plaintiffs filed a Collective and Class Action Complaint and Jury Trial Demand. *See* Docket No. 1. Plaintiffs sought recovery of, among other things, overtime wages, wage statement penalties, attorneys' fees and costs, interest, liquidated damages, and injunctive and declaratory relief. Defendants Answered on November 18, 2020, Docket No. 8, disputing the material allegations and denying all liability.

The Parties participated in multiple court-assisted mediations which ultimately resulted in the Proposed Settlement Agreement. The Court Preliminary Approved the Proposed Settlement Agreement on March 20, 2024.

## ARGUMENT

### I. Notice Period.

Settlement Services, Inc, administered the Notice Period in this Action. *See* Weisenberg Affidavit, Exhibit A. The Notice Mailing Date was April 18, 2024. *Id.* The Opt-Out and Objection Deadline was June 17, 2024. *Id.* Two hundred and forty-six (246) Notice Packets were mailed. Eighty-seven (87) were returned as undeliverable during the Opt-Out/Objection Period. *Id.* Eighty-seven (87) were traced. *Id.* Thirty-six (36) were remailed to Trace Address. *Id.* Fifty-one (51) did not result in a Trace Address. *Id.* No Opt-outs were received. *Id.* No Objections

2

Case No. 1:20-cv-8167-AEK

were received.  *Id.*  The Parties respectively submit that the Class's reaction to the Settlement Agreement was universally positive.

## II.  The Proposed Settlement Agreement is Procedural and Substantively Fair.

Rule 23(e) necessitates court approval for class action settlements to ensure procedural and substantive fairness.  Fed.R.Civ.P. 23(e).  To assess procedural fairness, courts examine the negotiating process that lead to the settlement in question.  *See Wal–Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir.2005); *see also D'Amato v. Deutsche Bank*, 236 F .3d 78, 85 (2d Cir.2001).  The Parties incorporate by reference herein their analysis of the non-collusive, arms-length bargaining between experienced litigators that justified Preliminary Approval of the Settlement Agreement.

To determine substantive fairness, courts consider whether the settlement's terms are fair, adequate, and reasonable in accordance with the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir.1974) ("*Grinnell*"); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).  The Parties incorporate by reference herein their analysis of the First, Third, Fourth, Fifth, Sixth, Seventh, Eight, and Ninth *Grinnell* Factors.  *See* Docket No. 66, Section I.b.

The Second *Grinnell* Factor – the reaction of the class – weighs heavily in favor of Final Approval.  The **<u>zero</u>** requests to be excluded from the settlement, objections to the settlement, or disputes indicate a highly positive reaction to the Class Action Settlement Agreement.  As Courts in this District have noted, a positive class reaction is perhaps the most significant factor to be weighed in considering a Settlement's adequacy and the lack of objections may well evidence the fairness of a Settlement.  *See In re Am. Bank Note Holographics, Inc.*, 127 F.Supp.2d 418, 425 (S.D.N.Y. 2001).  As such, all *Grinnell* Factors weigh in favor of granting Final Approval of the

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT**

Case No. 1:20-cv-8167-AEK

Class Action Settlement Agreement.

III. **Class Action Settlement Administration Costs are Materially Greater than Expected.**

When the Settlement Agreement was reached between the Parties the estimated cost of administrating the Settlement Agreement was no more than $10,000. Unfortunately, the costs for administering settlements have risen like almost all other costs for services throughout the country over the past year. The costs to date for administrating the Settlement Agreement to date have been $9,982.77. *See* Exhibit B, SSI's Work Performed to Date. The anticipated remaining costs are $16,300. *See* Exhibit C, SSI's Estimate for Remaining Work. The Parties, therefore, respectfully request that the Court approve the additional $16,300 to be paid to the Settlement Administrators with the additional amount being paid out of the Gross Settlement Fund.

## CONCLUSION

Plaintiffs, based upon all of the papers and pleadings submitted throughout these proceedings, respectfully request Your Honor grant Final Approval of the Class Action Settlement which includes a modification to the Settlement Agreement that increases the amount to be paid to the Class Action Settlement Administrators by $16,300 from the Gross Settlement Fund.

Respectfully submitted,

**WEISENBERG FIRM, PLLC**

Benjamin D. Weisenberg
Weisenberg Firm, PLLC

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
COLLECTIVE ACTION SETTLEMENT

**Case No. 1:20-cv-8167-AEK**

450 Lex Ave. – 4th Floor
New York, NY 10017
T: (917) 747-5303
F: (212) 365-5619
ben@weisenbergfirm.com

cc:    All counselors of record by ECF

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
COLLECTIVE ACTION SETTLEMENT