UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE SALAZAR, *individually and on behalf of all others similarly-situated*,

                              Plaintiffs,

                    v.

CUETES CORP.,

                              Defendant.

---

**FINAL JUDGMENT AND ORDER**

20 Civ. 8167 (AEK)

---

**ANDREW E. KRAUSE, United States Magistrate Judge:**

This Court, having reviewed the Settlement Agreement entered into by the parties, *see* ECF No. 78, and all other materials properly before the Court, including the Plaintiffs' unopposed motion for final approval of the class action settlement, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and Rule 23 of the Federal Rules of Civil Procedure, hereby:

1.      **FINDS** that the parties carried out the orders found within the Court's March 19, 2024 Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement and Conditional Certification of the Settlement Class (the "Conditional Certification Order"). *See* ECF No. 80.

2.      **FINDS** that the parties, having properly completed the notice process detailed in the Settlement Agreement and the Conditional Certification Order, as well as having completed all other requirements found within the Conditional Certification Order, properly brought this Action before the Court on August 8, 2024, for the purpose of a Final Fairness Hearing, as contemplated by the Settlement Agreement and the Conditional Certification Order.

3.     **FINDS** that no member of the New York Labor Law ("NYLL") Settlement Class (the "Settlement Class") submitted an opt-out form, submitted an objection, or appeared at the duly noticed August 8, 2024 Final Fairness Hearing in opposition to the Settlement Agreement.

4.     **FINDS** that the procedures for notifying the Settlement Class about the Settlement, including the Notice Packet, were reasonably calculated to notify the Settlement Class of the pendency of this Action, the terms of the Settlement, and the right to appear at the Final Fairness Hearing; constituted due, adequate, and sufficient notice to all persons entitled to receive notice; constituted the best notice practicable under the circumstances; and satisfied all necessary requirements of due process, the Federal Rules of Civil Procedure, and all applicable state and/or federal laws.

5.     **FINDS** that the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied and **GRANTS** final certification of the preliminarily certified Settlement Class.

6.     **FINDS** that the requirements of Section 216(b) of the FLSA have been satisfied and **GRANTS** final certification of the conditionally certified FLSA Collective (the "Collective").

7.     **FINDS** that the Settlement Agreement was the product of arm's-length negotiations between experienced counsel.

8.     **FINDS** the service award of $20,000 to Named Plaintiff Jose Salazar is appropriate based upon the papers submitted and arguments made.

9.     **FINDS** that the award of $20,000 for attorneys' fees and reimbursement of litigation costs to the Weisenberg Firm, PLLC is appropriate based upon the papers submitted and arguments made.

10.     **FINDS** that the payment of $10,000 to the Settlement Administrator is appropriate based upon the papers submitted and arguments made, and, accordingly, **DENIES** the request to increase the amount to be paid to the Settlement Administrator that was submitted by the parties in conjunction with the motion for final approval.

11.     **FINDS** that all Plaintiffs who submitted a consent to join the Action are bound by the terms of the Settlement Agreement that are applicable to the Collective, and that all members of the Settlement Class are bound by the terms of the Settlement Agreement applicable to the Settlement Class.

12.     **GRANTS** final approval of the Settlement Agreement, including the methodology for calculating payments due, and **FINDS** that the Settlement Agreement's release and other terms, are fair, reasonable, and adequate.

13.     **ORDERS** the parties to carry out and perform all of the terms set forth in the Settlement Agreement without delay.

14.     **ORDERS** that without affecting the finality of this Final Judgment and Order, and as requested by the parties, the Court retains jurisdiction as to all matters relating to the administration, interpretation, implementation, and enforcement of the Settlement Agreement.

15.     **ORDERS** that all individual and class claims are hereby dismissed with prejudice, with no costs or fees to be assessed on any party other than as expressly provided in the Settlement Agreement.

The Clerk of Court is respectfully directed mark the motion at ECF No. 84 as

**GRANTED** and to close this case.

Dated:  August 19, 2024
        White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge